EDWARD L. VOORHEES AND HELEN G. VOORHEES, EXECUTORS OF THE LAST WILL AND TESTAMENT OF STEPHEN H. VOORHEES, AND EDWARD L. VOORHEES AND CITY BANK FARMERS TRUST COMPANY, TRUSTEES, PROSECUTORS-APPELLANTS, v. WILLIAM D. KELLY, STATE TAX COMMISSIONER, DEFENDANT-RESPONDENT.

Argued January 19, 1943—Decided April 19, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutors-appellants, *Walter E. Cooper.*

For the defendant-respondent, *David T. Wilentz,* Attorney-General; *William A. Moore.*

The opinion of the court was delivered by

CASE, J.   The writ brings up for review a decree of the Prerogative Court determining that a transfer of securities by deed of trust made by Stephen H. Voorhees in his lifetime was made in contemplation of death (*R. S.* 54:34-1c) and determining, further, that the fair market value of the property as of the time of death should be included within the taxable estate of Mr. Voorhees for inheritance tax purposes.

Decedent died February 11th, 1940, at the age of seventy-five years and six months leaving a net estate to pass by his last will and testament of $231,942.52. At about the age of sixty he went through a prostatectomy operation and thereafter, in 1926, voluntarily retired on pension under the permissible rules of the banking institution by which he had been employed.

On March 28th, 1930, at the age of sixty-five, decedent executed an agreement by which he transferred certain securities of the then value of $460,000 and insurance policies on his life of the face value of $40,000 in trust during the lives of six named persons, of whom two were the donor's daughters and one was a grandson nine years of age, the income to be paid to the donor's wife during her life or until her remarriage and upon her death or remarriage the said income to be

paid $600 and $1,500, respectively, per annum, for life, to two relatives by marriage who were of the above mentioned six persons, $600 per annum, for life, to another of the six, who was a friend, and the balance in equal shares to the two daughters or their lineal descendants and upon their deaths to their descendants, and upon the death of the survivor of the six named persons the principal of the trust to be divided among the donor's grandchildren or their lineal descendants *per stirpes;* "or in case there should be no grandchild of the settlor nor any lineal descendant of a deceased grandchild of his then surviving, to the brother of the settlor, Dr. Irving Wilson Voorhees, and the sister of the settlor, Eleanor S. Voorhees, in equal shares, or if either of them be not then living, to convey, transfer and pay over the whole thereof to the survivor, or in case neither of them be then living to the National City Bank Club."

The decedent's last will was made January 5th, 1932. It left the testator's residence, his household furniture and personal effects and $20,000 in cash to his wife, $2,000 in trust for a church and the net balance, beyond cemetery charges, in trust to be held during four lives—those of his wife, his two daughters and the grandson named above, the income to be paid to the testator's wife during her life or until her remarriage and then in equal shares to the two daughters or their lineal descendants, and upon the death of the survivor of the four named persons the principal of the trust to be divided amongst the testator's grandchildren or their lineal descendants *per stirpes,* and "in case there should be no lineal descendant of mine then surviving, to my brother, Dr. Irving Wilson Voorhees," &c., in the words of the corresponding clause in the trust deed, except that in the will the references to the testator are in the first person where in the trust deed the word "settlor" is used.

The scheme of and the beneficiaries under the will are, in essence, those of and under the trust deed. The market values at death were less than those at the time of the giving of the trust deed. The estimate given by the descendant's son-in-law was that the decedent was worth one million dollars at about the time the trust deed was executed. If that is correct,

the share set over to the trust was about one-half of the donor's estate at the time; and that corresponds roughly with the relative values of the trust estate and the testamentary estate at the time of death. The will, certainly, was made in contemplation of death. There is no outstanding fact which serves to distinguish, convincingly, the purpose or the result of the trust deed from like aspects of the will.

When the trust *inter vivos* was established, the donor appears to have been in as good health as a man sixty-five years old would reasonably expect to be. Nevertheless, he *was* sixty-five years of age. He had submitted to an operation that sometimes confronts men in later years, and doubtless he had experienced the solemnizing thoughts that go with a serious operation. Thereafter he deemed it expedient to lay aside the burdens and cares of business. He was definitely in life's late afternoon. His accomplishments were behind him. He had now the compensations of retirement and of relief from the burden, the anticipation of some leisurely years wherein he would follow such pleasant pursuits as appealed to him, care for his philanthropies, look after himself and his wife and make disposition of his estate. The decedent relieved himself, in his advancing years, from the burden of supervising one-half of his estate. Reserving an amount ample for his needs, he put the surplus in the way of going as he wanted all of his estate to go at his death; and with practically the same incidents. We are persuaded that the two acts—the trust deed and the will—were alike motivated by those considerations which lead to testamentary disposition of property.

The question is whether the proofs are such that the State Tax Commissioner has carried the burden of proving that the trust gift was made in contemplation of death. We agree with the finding of the Prerogative Court that the Commissioner did successfully carry that burden and that the transfer should be taxed in the amount found. All cases of this nature stand upon their own facts and must be separately considered. The manifestations of intent do not lend themselves to a universal factual formula. *MacGregor* v. *Martin,* 126 *N. J. L.* 492.. The question is, of course, one of mental attitude

and the proofs must, of necessity, be circumstantial. A mental process is incapable of demonstration except by proof of causative, attendant and resultant circumstances; unless indeed the person whose purpose is involved resolves the question by an admission.

Whether the learned opinion of the court below was strictly accurate in saying that there is no presumption that a transfer made by a decedent more than two years before his death is not in contemplation of death depends upon the value given to the word "presumption." Considered as a rule of law which compels the taxing authority to proceed first and to go forward with the evidence to prove the issue of acting in contemplation of death, there is a presumption. It is not such a presumption as is weighed in the balance against evidence; and that, we suppose, is what the Vice-Ordinary meant. The burden is upon the state agency which undertakes to impose the tax to prove that the gift was motivated by those considerations which lead to testamentary disposition of property. *Central Hanover Bank and Trust Co.* v. *Martin,* 129 *N. J. L.* 127; *Moore* v. *Martin,* 125 *Id.* 189.

The decree below will be affirmed, with costs.